09-1791-cr
United States v. Servellon-Heusties

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 24th day of June, two thousand and ten.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges*.

_____

UNITED STATES,

                                        *Appellee*,


            -v-                                              (09-1791-cr)

MARCIO SERVELLON-HEUSTIES,

                                        *Defendant-Appellant*.

_____

Appearing for Appellant:            Lawrence Gerzog, New York, N.Y.

Appearing for Appellee:             Rebecca A. Rohr, Jesse M. Furman,
                                    Assistant United States Attorneys, *of
                                    counsel*, for Preet Bharara, United States
                                    Attorney for the Southern District of New
                                    York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Lynch, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Marcio Servellon-Heusties pleaded guilty to illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326(a). Under the Guidelines, his adjusted offense level was 21, and his criminal history category was III. The resulting advisory Guidelines range was 46 to 57 months' imprisonment. On April 17, 2009, Judge Lynch of the Southern District of New York sentenced Servellon-Heusties principally to 46 months' imprisonment. Servellon-Heusties is currently serving his sentence, and now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Servellon-Heusties is a native of Honduras, and moved to the United States in approximately 1971. On October 19, 1999 he was sentenced to five years' imprisonment for second degree robbery, and, after serving his time, was deported on July 29, 2004. He returned illegally to the United States in November 2005 to care for his ailing parents. From 2007-2008, he was arrested and convicted three more times, and the Bureau of Immigration and Customs was notified of his presence in the United States. He pleaded guilty to illegal reentry on January 16, 2009.

We review all sentences for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). A court "commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, . . . or rests its sentence on a clearly erroneous finding of fact." *Cavera*, 550 F.3d at 190 (internal citations and quotations omitted). When conducting substantive review, we consider the "totality of the circumstances" without adhering to a "rigid" formula. *Id.* (internal quotations omitted). We have noted that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

Servellon-Heusties argues that his sentence is unreasonable because the judge based it on "inconsistent, indeed contradictory, findings." Specifically, Servellon-Heusties points first to the judge's comment that the Guidelines recommendation was "extraordinarily severe" "in a large social sense," but not extraordinary as applied to Servellon-Heusties. Second, he points to the judge's brief discussion of potential sentencing disparities due to fast track programs. The judge determined these potential disparities were irrelevant to Servellon-Heusties because the "guideline sentence [in Servellon-Heusties's case]. . . [is] the minimum necessary to accomplish the purposes of sentencing." We find nothing contradictory in either of these comments, and the judge clearly explained that the Guidelines sentence was appropriate for Servellon-Heusties due to his criminal history and background.

Servellon-Heusties has not pointed to any errors of law or fact. Far from ruling in an inconsistent manner, the judge here clearly discussed the Section 3553(a) factors in a thoughtful way. There is no reason to find this sentence unreasonable.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3